IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF MONTANA and MIKE MAHONEY,<br><br>Defendants. | Cause No. CV 11-00068-H-DWM-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

**I. SYNOPSIS**

Pending are Plaintiff Shawn Weller's Motion for Leave to Proceed in Forma Pauperis, proposed Complaint, and Motion for Treatment and Recusal. C.D. 1, 2 and 4. Mr. Weller alleges Defendants have denied him treatment which delayed his release on parole. The Motion to Proceed in Forma Pauperis will be granted and the Motion for Treatment and Recusal will be denied. The Complaint fails to

state a claim upon which relief may be granted and will be recommended for dismissal.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

## III. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Weller submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Weller is required to pay the statutory filing fee of $350.00. Mr. Weller submitted an account statement showing average monthly deposits of $40.42 over the six months immediately preceding the filing of this action. Therefore, an initial partial filing fee of $8.08 will be assessed by this Order. See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By

separate order, the Court will direct Montana State Prison to collect the partial filing fee from Mr. Weller's account and forward it to the Clerk of Court.

Thereafter, Mr. Weller will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Weller's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Weller to forward payments from Mr. Weller's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. MOTION TO RECUSE

Mr. Weller contends Judge Molloy and the undersigned should be recused from hearing this case based upon rulings made in a prior habeas proceeding. C.D. 4. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or

partiality motion." Id. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The mere fact that the undersigned or Judge Molloy ruled against Mr. Weller in his federal habeas proceeding does not constitute a basis for bias. This Court has never displayed antagonism toward Mr. Weller and there is no basis on which to question the Court's impartiality in this matter. The Motion to Recuse will be denied.

## V. STATEMENT OF CASE

### A. PARTIES

Mr. Weller is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. The named defendants are the State of Montana and Mike Mahoney, the former Warden of Montana State Prison. C.D. 2, p. 2.

### B. FACTUAL ALLEGATIONS

Mr. Weller alleges his due process rights were violated because upon his return to MSP he was not readmitted through the Martha Dietz Intake Unit

(MDIU)[1] and thus did not receive a timely parole hearing.  He admits he has filed a state court action on these same facts but asks the Court to take control over that action.  Mr. Weller first raised the claims at issue here in a habeas petition filed in the Montana Supreme Court on November 16, 2010.  According to the Order denying that petition, Mr. Weller was on parole for Partner/Family Member Assault when on July 27, 2006 he was arrested for DUI.  He posted bond and absconded only to be arrested in Texas and returned to Montana State Prison on March 21, 2007.  His parole was revoked on April 30, 2007.  Mr. Weller was convicted of felony DUI in March 2008 and committed to the DOC for 22 years with 17 years suspended.  See Weller v. Mahoney, Montana Supreme Court Opinion 10-0566 dated February 2, 2011.

Following his DUI trial, Mr. Weller was returned directly to MSP.  Mr. Weller complains that according to MSP protocol he should have been readmitted to the prison through the MDIU.  This failure to adhere to protocol allegedly denied Mr. Weller his opportunity to appear before the parole board in a timely fashion.  He contends that because the prison has not allowed him to get treatment he was denied parole.  He does not indicate what treatment he was denied.  C.D. 2,

---

[1] It will be assumed that Mr. Weller is referring to the Martz Diagnostic Intake Unit, the reception unit at Montana State Prison.

p. 3-4.

On August 10, 2010, Mr. Weller filed a Complaint in Powell County District Court on these same issues but he contends that Court is not processing his claim. C.D. 2, p. 4. On November 16, 2010, he filed his habeas petition, referred to above, again on these same issues. On February 2, 2011, the Montana Supreme Court denied that petition on the merits finding Mr. Weller had failed to establish that he was denied due process by the parole board or that his constitutional or statutory rights were violated.

On June 10, 2011, Mr. Weller filed a Writ of Supervisory Control with the Montana Supreme Court. The Montana Supreme Court decided it was unable to conclude the District Court had made a mistake of law in not moving forward with Mr. Weller's case. It also found that Mr. Weller had not demonstrated the requirement necessary to state a prima facie case for supervisory control. The Court then denied the petition. <u>Weller v. State of Montana, the Third Judicial District Court, Ray J. Dayton</u>, Montana Supreme Court Opinion OP 11-0337.

**VI. SCREENING PER 28 U.S.C. §§ 1915(e)(2), 1915A**

As Mr. Weller is a prisoner proceeding in forma pauperis, this Court must review his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the dismissal of the complaint before it is

served upon defendant if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in

a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  Iqbal, 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,'

and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); see also Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under Iqbal).

District courts have discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## VII. ANALYSIS

Mr. Weller's claims are barred by res judicata and as such, this matter should be dismissed. The doctrine of res judicata provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. See In re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir. 1996). "[A] final judgment on the merits of an action precludes the parties or the

privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).

Mr. Weller is raising the same claims he brought before the Montana Supreme Court in his petition for habeas corpus. The Montana Supreme Court reached a final judgment on the merits of these claims. Even if Mr. Weller is attempting to raise different claims regarding this same issue, res judicata/claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980); see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S. 323, 336, 125 S.Ct. 2491, 2500, n. 16 (2005). Therefore, all claims related to the intake and parole eligibility issue are barred by res judicata.

## VIII. CONCLUSION

Mr. Weller's claims are barred by res judicata. This is not a defect which could be cured by the allegation of additional facts. Accordingly, the Complaint

fails to state a claim upon which relief may be granted and the case will be recommended for dismissal. In light of this recommendation, the Motion for Treatment will be denied.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because an action barred by res judicata can be dismissed as frivolous under 28 U.S.C. § 1915. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir. 1984).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Mr. Weller's claims are clearly barred by res judicata and as such no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. Weller SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. Weller has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing:

It is **ORDERED:**

    1. Mr. Weller's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

    2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on November 17, 2011.

    3. Mr. Weller's Motions for Treatment and Recusal C.D. 4 are denied.

It is **RECOMMENDED:**

    1. Mr. Weller's Complaint C.D. 2 should be dismissed.

    2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Weller's Complaint is frivolous.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Weller may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of January, 2012.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge