

FILED
FEB 2 9 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER, | CV 11-68-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER |
| THE STATE OF MONTANA and MIKE MAHONEY, | |
| Defendants. | |

Plaintiff Shawn Howard Weller, appearing pro se, filed a Complaint in this Court on November 17, 2011. Dkt # 2. He subsequently filed a motion requesting the Court order the Montana State Prison to provide him treatment and seeking the recusal of United States Magistrate Judge Keith Strong and myself. Dkt # 4. Judge Strong issued an Order and Findings and Recommendations on January 17, 2012, recommending this matter be dismissed because Weller's claims are barred

by res judicata. Dkt # 5. Judge Strong also denied Weller's motion for treatment and his request that Judge Strong recuse himself. *Id.* Weller filed objections, arguing that his recusal motion should be granted and that his complaint should not be dismissed. Dkt # 7.

Weller is entitled to de novo review of the findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the factual and procedural background, it will not be restated here except as necessary to explain the Court's decision.

### A. Motion to recuse

Pursuant to 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, the alleged bias must stem from an "extrajudicial source" unless "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the...prior proceedings...display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554–56 (1994).

Weller moves to disqualify me based on my prior rulings in his cases before this court. Dkt # 7, 1. He contends the Court dismissed his habeas petition in order to protect the state district court from his allegation that it illegally tampered

with court transcripts. *Id.* However, there is no basis on which a reasonable person would question the Court's impartiality in Weller's prior cases or this matter. The Court dismissed Weller's 2009 petition because he failed to show circumstances meriting federal interference with an ongoing state court proceeding, and Weller's 2010 petition was dismissed because it was procedurally defaulted without excuse. The Court has never demonstrated any antagonism toward Weller or deep-seated favoritism to other parties. Accordingly, the motion to disqualify me will be denied.

### B. Res judicata

Judge Strong found that the doctrine of res judicata bars this suit because Weller is attempting to relitigate the same claims he brought or could have brought before the Montana Supreme Court in his petition for habeas corpus. Weller does not specifically object to this finding, and the Court agrees with Judge Strong that all Weller's claims related to the intake procedures at the time he was recommitted to the Montana State Priso, his parole eligibility, and the alleged altering of court transcripts are barred by the doctrines of res judicata and claim preclusion. *See Weller v. Mahoney*, Montana Supreme Court Opinion 10-0566, February 2, 2011.

The Court also agrees that res judicata bars Weller from relitigating whether

the Powell County District Court should have processed a complaint he filed August 10, 2010 though Weller evidently failed to comply with the Rules of Civil Procedure. Weller argues in his objections that the Court should not dismiss this claim, stating that a court should not deny a pro se plaintiff access to the court merely because of "unfamiliarity with filing procedures." Dkt # 7, 2.

While pro se pleadings are to be construed liberally in favor of a pro se litigant, *Haines v. Kerner*, 404 U.S. 519 (1972), all parties, including pro se litigants, must still know and comply with the courts' procedural and substantive rules, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Moreover, the liberal construction granted pro se plaintiffs does not permit a court to reconsider claims that have been litigated before. The Montana Supreme Court denied Weller's writ for supervisory control on this issue because it was unable to conclude the district court made a mistake of law. *See Weller v. State of Montana, the Third Judicial District Court, Ray J. Dayton*, Montana Supreme Court Opinion OP 11-0337 (August 9, 2011). Moreover, the Powell County complaint raised the same issues later decided by the Montana Supreme Court when it denied Weller's habeas petition. Weller may not relitigate these issues.

## C. Conclusion

The Court see no clear error in Judge Strong's remaining findings and

recommendations.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (dkt # 5) are adopted in full.

2. Weller's Complaint (dkt # 2) is DISMISSED for failure to state a claim upon which relief may be granted.

3. Weller's motions for treatment and recusal (dkt # 4) are DENIED.

4. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Weller's Complaint is frivolous.

6. The Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith because the Complaint is frivolous.

Dated this 29th day of February 2012.

Donald W. Molloy, District Judge
United States District Court

-5-